# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>　　Plaintiff,<br><br>　　v.<br><br>T. STANKORB, et al.,<br><br>　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:11-cv-01425-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION BE DENIED<br><br>Docs. 6, 9, 10<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I. Procedural History and Plaintiff's Allegations**

On August 25, 2011, Plaintiff Rex Chappell ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. On December 9, 2011, January 9, 2012, and March 12, 2012, Plaintiff filed motions for a temporary restraining order and preliminary injunction to direct prison officials to make Plaintiff single cell status. Docs. 6, 9, 10. The Court construes these as motions for a preliminary injunction.

Plaintiff contends that he needs to be single cell status due to his seizure disorder, which causes him to hurt himself or a cellmate, and that if Plaintiff was housed with a Black Guerrilla Family ("BGF"), the BGF inmate who would kill Plaintiff due to his rape conviction. Mot. TRO at 3-4, Doc. 6. On November 17, 2011, Plaintiff received a Rules Violation Report ("RVR") for refusing a cellmate. *Id.* at 17. On December 23, 2011, Plaintiff was found guilty of the RVR for refusing a cellmate and lost ninety days credit. *Id.* at 30-33. Plaintiff states he wants single cell status and will not allow Defendants to force him into protective (sensitive) needs custody. Notice TRO at 7, Doc. 9. In February 2012, prison officials advised Plaintiff that if he refused a cellmate he would be issued another RVR, would lose 150 days good time credits, all property, television,

1 visiting, canteen, and quarterly package privileges. Mot. Ruling TRO at 2, Doc. 10. Plaintiff accepted a cellmate and was housed with inmate Timothy Howard. *Id.* at 2-3.

## II. Legal Standard for Motions for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general who are not parties to this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

## III. Analysis

The undersigned has dismissed Plaintiff's complaint for failure to state a claim. The undersigned found that Plaintiff's opinion as to his medical needs do not override the opinions of the two prison medical doctors. As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*,

90 F.3d 330, 332 (9th Cir. 1996). Moreover, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This requires examination of the subjective intent of the defendant; that the prison official defendant acted with a "sufficiently culpable state of mind" and deliberate indifference to an inmate's health or safety. *See id.* at 834. Therefore, if two prison doctors find that Plaintiff cannot attack someone during a seizure, Defendants cannot be deliberately indifferent to Plaintiff's safety, when they do not subjectively believe there is a risk. Moreover, the undersigned found that Plaintiff's fear of discovery of his "R" suffix is not cognizable under § 1983. *See e.g., Riddle v. Mondragon*, 83 F.3d 1197, 1205–06 (10th Cir. 1996) (prisoners' general fear that their sex offense convictions might be discovered and that they might be attacked because of it was, without more, insufficient to demonstrate a substantial risk of serious harm within the meaning of the Eighth Amendment).

Plaintiff also contends that Defendants are threatening him. Mot. Ruling TRO at 2, Doc. 10. Verbal harassment is insufficient to state a claim under the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Threats, even threats of bodily injury, additionally are insufficient to state a claim under the Eighth Amendment. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff states that his current cellmate was violent in the past. Mot. Ruling TRO at 8, Doc. 10. Plaintiff has not demonstrated any more than a mere suspicion that an attack will occur. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Although prison officials have an obligation to protect inmates from attack by other inmates, *see Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988), Plaintiff failed to demonstrate that the threat of physical or other injury to him resulting from any current or future housing decisions made by prison officials is more than speculative. *See Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."). *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *Villegas v. Gomez*, 53 F.3d 341 (9th Cir. 1995). A presently existing actual threat must be shown, although the injury need not be certain to occur. *See*

1  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130-31 (1969); *FDIC v. Garner*, 125
2  F.3d 1272, 1279-80 (9th Cir. 1997), *cert. denied*, 523 U.S. 1020 (1998); *Caribbean Marine Servs.*
3  *Co.*, 844 F.2d at 674.

4      Plaintiff contends Appeals Coordinator Sampson wrongfully screened his appeals regarding
5  the RVR. Mot. Ruling TRO at 8, Doc. 10. As the undersigned noted in the screening order, actions
6  in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983.
7  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

8      Therefore, Plaintiff has not met the requirements for a preliminary injunction. Plaintiff has
9  not demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20.
10 Plaintiff's complaint was dismissed for failure to state a claim, and there is no operative pleading
11 in this action at this time. Additionally, Plaintiff has not demonstrated irreparable harm by being
12 denied single cell status.

### IV. Conclusion and Recommendation

14     Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions for preliminary
15 injunction, filed December 9, 2011, January 9, 2012, and March 12, 2012, should be DENIED.

16     These Findings and Recommendations will be submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days**
18 after being served with these Findings and Recommendations, the parties may file written objections
19 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
20 Recommendations." The parties are advised that failure to file objections within the specified time
21 may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57
22 (9th Cir. 1991).

23 IT IS SO ORDERED.

24 Dated:   April 23, 2012
25                                        UNITED STATES MAGISTRATE JUDGE