# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>    Plaintiff,<br><br>    v.<br><br>T. STANKORB, et al.,<br><br>    Defendants.<br>                                                           / | CASE NO. 1:11-cv-01425-LJO-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 1<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On August 25, 2011, Plaintiff Rex Chappell ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names Defendants T. Stankorb, Correctional Counselor; T. Miner, Captain; Haak, Lieutenant; K. Holland, Chief Deputy Warden; K. Sampson, Appeals Coordinator; A. Joaquin, Chief Medical Officer; H. Tate, Medical Doctor; M. Stainer, Warden; who were employed by California Correctional Institution, Tehachapi ("Tehachapi"). Compl. at 1, 3-4, 6-7,

Doc. 1.

On February 17, 2011, Plaintiff arrived at Tehachapi from High Desert State Prison ("HDSP"). *Id.* at 8. On March 1, 2011, Plaintiff met with the institution classification committee. *Id.* In the hearing, Plaintiff explained to Defendants stated that he was wrongly validated as a member of the Black Guerrilla Family ("BGF"). *Id.* Plaintiff alleges that Defendants stated that they did not see anything in Plaintiff's file to warrant the classification but said Plaintiff is now tied to the gang validation. *Id.* On March 1, 2011, Plaintiff was made single cell status due to his seizure disorder that causes him to hurt himself or a cellmate. *Id.* at 9. On May 10, 2011, at classification, Stankord told Plaintiff that Stankorb, Hank, and Miner have decided to make Plaintiff double cell status and double cell Plaintiff with a BGF inmate. *Id.* at 9-10. If Plaintiff refuses, he would lose his television for ninety days and ninety days credit would be added to his sentence. *Id.* at 10. Plaintiff states that if he is placed in a cell with a BGF inmate that the BGF inmate would kill Plaintiff due to his rape conviction. *Id.* Plaintiff also states his seizure disorder causes him to hurt himself or a cellmate. *Id.*

Two days later, officers came to Plaintiff's cell and said that Haak and Holland told them to cell Plaintiff with a BGF inmate. *Id.* at 12. The inmate in that cell said he was not a BGF either. *Id.*

Plaintiff stated that he has been to outside neurologists outside of prison, who diagnosed Plaintiff with temporal lobe epilepsy with panic attacks. *Id.* at 15. Stankorb told Plaintiff that Dr. Tate found that it is impossible to attack anyone while having a seizure. *Id.* Plaintiff filed a 602 inmate appeal, and Chief Medical Officer Joaquin agreed with Dr. Tate's diagnosis. *Id.* at 17.

Appeals Coordinator Sampson has deliberately sabotaged Plaintiff's appeals. *Id.* at 18. Sampson retaliated against Plaintiff by failing to process appeals. *Id.* at 22.

Plaintiff alleges Eighth Amendment deliberate indifference for classifying Plaintiff as double cell status and failing to remove his gang validation. *Id.* at 24-25. Plaintiff states that Defendants were deliberately indifferent to his seizure disorder, which causes him to hurt himself or a cellmate, and that if Plaintiff was housed with a BGF inmate, the BGF inmate who would kill Plaintiff due to his rape conviction. *Id.*

Plaintiff alleges due process for inmate appeals and access to courts. *Id.* at 28.

Plaintiff attached exhibits to his complaint. *Id.* at 35-99. On March 1, 2011, Plaintiff had an initial SHU classification with committee members Stankorb, Holland, and Miner. *Id.* at 28. The classification states that on October 26, 2009, Plaintiff was placed in ASU at HDSP, pending investigation for involvement with the BGF. *Id.* On March 10, 2010, OCS validated Plaintiff as a member of the BGF. *Id.* The committee elected to retain Plaintiff in SHU (gangs) with walk alone exercise yard, pending annual review. *Id.* The committee found that Plaintiff meets the criteria for double cell status based on no in-cell misconduct or predatory behavior. *Id.* Plaintiff had prior single cell status based on his medical condition in which he refuses a cellmate. *Id.* There was a memo in Plaintiff's file dated February 16, 2007, from a correctional counselor at HDSP, which requested updated medical information for Plaintiff. *Id.* The committee elected to place Plaintiff on single cell status pending medical review. *Id.*

On May 10, 2011, Plaintiff had a SHU classification 180 day review. *Id.* at 63. The committee noted that Plaintiff was on double cell status at HDSP from November 5, 2009 to October 28, 2010. *Id.* There was a memo in Plaintiff's file dated February 16, 2007, from a correctional counselor at HDSP, which requested updated medical information for Plaintiff, but there is no documentation that this was ever done. *Id.* Stankorb spoke with Dr. Tate, who stated that it is medically impossible for anyone to become violent while having a seizure. *Id.* Plaintiff wrote a letter on May 9, 2011, stating that if Classification tries to place Plaintiff with a BGF inmate or anyone else, Plaintiff is going to sue everyone. *Id.* Plaintiff stated that he cannot be double celled due to his panic attacks and seizures, and that a BGF inmate would kill him due to his "R" suffix. *Id.* The committee asked Plaintiff if he had any safety concerns based on validation or his "R" suffix. *Id.* Plaintiff stated that he has never had any safety concerns based on the "R" suffix or his validation. *Id.* Plaintiff stated his only concern with double cell status is his seizures and panic attacks. *Id.* Since Dr. Tate medical opinion disputed Plaintiff's claim, the committee changed Plaintiff from single cell to double cell status with validated BGF members or associates. *Id.* The committee informed Plaintiff that release from SHU is through the debriefing process or a determination as inactive gang member or associate. *Id.* Committee asked Plaintiff if he wanted to debrief, and Plaintiff said he cannot debrief because he is not a BGF member. *Id.*

Plaintiff submitted neurology reports dated in 1997, 2000, and 2005. *Id.* at 45-47, 52.

For relief, Plaintiff seeks a declaratory judgment; an injunction to prohibit Defendants from housing Plaintiff with a BGF or any other inmate; release from the SHU; expungement of BGF gang association from Plaintiff's central file; compensatory damages; and punitive damages. *Id.* at 29-31.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Eighth Amendment Deliberate Indifference to Serious Medical Need

#### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*,

588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**2. Analysis**

Plaintiff alleges Eighth Amendment deliberate indifference for classifying Plaintiff as double cell status. Compl. at 24-25. Plaintiff states that Defendants were deliberately indifferent to his seizure disorder, which causes him to hurt himself or a cellmate. *Id.*

As for Plaintiff's claim that Defendants were deliberately indifferent to his seizure disorder, Plaintiff's assertion that he will kill someone during a seizure in not enough to warrant deliberate indifference, when two prison medical doctors, Dr. Tate and Joaquin, disagree with Plaintiff's assertion. *Id.* at 15, 17.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation</u>. *See Estelle*, 429 U.S. at 105-06 (emphasis

added); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977) (emphasis added). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Therefore, Plaintiff's assertion that he will kill someone during a seizure does not supersede the opinions of Dr. Tate and Dr. Joaquin. Plaintiff argues that in the past, neurologists have found

him entitled to single cell status. Compl. at 15, 45-47, 52. However, the committee noted that Plaintiff was on double cell status at HDSP from November 5, 2009 to October 28, 2010. *Id.* at 63. Moreover, the committee noted that there was a memo in Plaintiff's file dated February 16, 2007, from a correctional counselor at HDSP, which requested updated medical information for Plaintiff, but there was no documentation that this was ever done. *Id.* Once Plaintiff arrived at Tehachapi, Dr. Tate and Dr. Joaquin found that it is impossible to attack anyone while having a seizure. *Id.* at 15,17. A difference of opinion over proper treatment does not constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06.

Therefore, Plaintiff fails to state a cognizable claim against Defendants based upon Eighth Amendment deliberate indifference to medical need.

**B. Eighth Amendment Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

Regarding the deliberate indifference prong of this analysis, a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* This requires examination of the subjective intent of the defendant; that the prison official defendant acted with a "sufficiently culpable state of mind" and deliberate indifference to an inmate's health or safety. *See id.* at 834. Neither negligence nor gross negligence

will constitute deliberate indifference. *See id.* at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference—i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it—states a "failure-to-protect" claim. *Hearns*, 413 F.3d at 1041–42. Plaintiff's complaint does not demonstrate that Defendants disregarded a substantial risk to Plaintiff's safety.

Plaintiff contends that Defendants are deliberately indifferent by failing to remove Plaintiff's gang validation because if Plaintiff is housed with a BGF inmate, the BGF inmate will kill Plaintiff due to his rape conviction. Compl. at 24-25. On May 10, 2011, Plaintiff had a SHU classification 180 day review. *Id.* at 63. Plaintiff stated that he cannot be double celled because a BGF inmate would kill him due to his "R" suffix. *Id.* The committee asked Plaintiff if he had any safety concerns based on validation or his "R" suffix. *Id.* Plaintiff stated that he has never had any safety concerns based on the "R" suffix or his validation. *Id.*

Plaintiff fails to allege how another inmate would know about his "R" suffix or rape conviction. Plaintiff's "R" suffix, in of itself, did not pose a substantial risk of serious harm because there is no reason to believe, in the abstract, that the "R" suffix would ever be revealed. *Thomas v. Sheppard-Brooks*, 2011 WL 3917943 *6 (E.D. Cal. Sept. 6, 2011). *See e.g., Riddle v. Mondragon*, 83 F.3d 1197, 1205–06 (10th Cir. 1996) (prisoners' general fear that their sex offense convictions might be discovered and that they might be attacked because of it was, without more, insufficient to demonstrate a substantial risk of serious harm within the meaning of the Eighth Amendment). "With respect to a claim based on a failure to protect Plaintiff from harm, a generalized fear of attack by other prisoners who learn of Plaintiff's 'R' suffix classification does not rise to the level of a constitutional violation." *Sims v. Woodford*, 2009 WL 3824359 *7 (E.D. Cal. Nov. 13, 2009). Assigning an inmate an "R" suffix does not amount to a constitutional violation for failure to protect. *See Farmer*, 511 U.S. at 837-45.

Plaintiff also contends deliberate indifference for classifying Plaintiff as double cell status. Compl. at 24-25. Plaintiff states that Defendants were deliberately indifferent to his seizure disorder, which causes him to hurt himself or a cellmate. *Id.* Allegations in a pro se complaint sufficient to

raise an inference that the named prison officials acted with deliberate indifference—i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it—states a "failure-to-protect" claim. *Hearns*, 413 F.3d at 1041-42. Plaintiff's complaint does not demonstrate that Defendants disregarded a substantial risk to Plaintiff's safety. Plaintiff's assertion that he will kill someone during a seizure in not enough to warrant deliberate indifference, when two prison medical doctors, Dr. Tate and Joaquin, disagree with Plaintiff's assertion. *Id.* at 15, 17. As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson*, 90 F.3d 330, 332. Moreover, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837. This requires examination of the subjective intent of the defendant; that the prison official defendant acted with a "sufficiently culpable state of mind" and deliberate indifference to an inmate's health or safety. *See id.* at 834. Therefore, if two prison doctors find that Plaintiff cannot attack someone during a seizure, Defendants cannot be deliberately indifferent to Plaintiff's safety, when they do not subjectively believe there is a risk.

Therefore, Plaintiff fails to state a cognizable claim against Defendants based upon Eighth Amendment failure to protect.

**C. Fourteenth Amendment Due Process / Gang Member Validation and Linkage**

Plaintiff states he was wrongly validated as a member of the BGF gang. Compl. at 8. Plaintiff alleges that Defendants stated that they did not see anything in Plaintiff's file to warrant the classification but said Plaintiff is now tied to the gang validation. *Id.* Plaintiff attached exhibits to his complaint. *Id.* at 35-99. On March 1, 2011, Plaintiff had an initial SHU classification with committee members Stankorb, Holland, and Miner. *Id.* at 28. The classification states that on October 26, 2009, Plaintiff was placed in ASU at HDSP, pending investigation for involvement with the BGF. *Id.* On March 10, 2010, OCS validated Plaintiff as a member of the BGF. *Id.* On May 10, 2011, Plaintiff had a SHU classification 180 day review. *Id.* at 63. The committee informed Plaintiff that release from SHU is through the debriefing process or a determination as inactive gang member or associate. *Id.* Committee asked Plaintiff if he wanted to debrief, and Plaintiff said he cannot

1   debrief because he is not a BGF member. *Id.*

2   As an initial matter, Plaintiff is seeking to impose liability not on those who validated him
3   as a gang member but on his SHU review committee. According to the committee report Plaintiff
4   submitted with his complaint, on October 26, 2009, Plaintiff was placed in ASU at HDSP, pending
5   investigation for involvement with the BGF. Compl. at 28. On March 10, 2010, OCS validated
6   Plaintiff as a member of the BGF. *Id.* Thus, Defendants, as employees of Tehachapi, were not
7   involved with Plaintiff's gang validation, and only those staff members personally involved in
8   Plaintiff's validation without due process are properly named as parties.

9   Under § 1983, Plaintiff must link the named defendants to the participation in the violation
10  at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th
11  Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on
12  supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*,
13  588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the
14  violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040,
15  1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at
16  570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007);
17  *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be
18  attributable to defendants and while the creation or enforcement of, or acquiescence in, an
19  unconstitutional policy may support a claim, the policy must have been the moving force behind the
20  violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman
21  v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646
22  (9th Cir. 1989).

23  Furthermore, Plaintiff has not identified a protected liberty interest with respect to remaining
24  free from the validation, and Plaintiff has not identified any due process violations with respect to
25  his validation. The Due Process Clause protects Plaintiff against the deprivation of liberty without
26  the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209,
27  221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S.
28  at 221.  Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due

Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

If a protected interest is identified, the inquiry then turns to what process is due. *Wilkinson*, 545 U.S. at 224. The validation of gang members and affiliates is an administrative measure rather than a disciplinary measure, and as a result, prisoners are entitled only to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). In addition to those minimal protections, there must be some evidence with an indicia of reliability supporting the decision. *Bruce*, 351 F.3d at 1287; *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

California's policy of assigning suspected gang affiliates to the secured housing unit ("SHU") is not a disciplinary measure, but rather an administrative strategy designed to preserve order in the prison and to protect the safety of all inmates. *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997). A prison gang validation proceeding is subject to the "some evidence" standard where it is an administrative strategy rather than a disciplinary action. *Bruce*, 351 F.3d 1283, 1287–88 (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). There is no independent assessment of witness credibility or re-weighing of evidence; rather "the relevant question is whether there is any evidence in the record that could support the conclusion." *Hill*, 472 U.S. at 455–56.

According to the committee report Plaintiff submitted with his complaint, on October 26, 2009, Plaintiff was placed in ASU at HDSP, pending investigation for involvement with the BGF. Compl. at 28. On March 10, 2010, OCS validated Plaintiff as a member of the BGF. *Id.* Thus, there was "some evidence" to support Plaintiff's gang validation. *Bruce*, 351 F.3d 1283, 1287–88.

To state a claim, Plaintiff must demonstrate the existence of a liberty interest, a denial of due

1 process, and link the denial to one or more defendants. Plaintiff's claim fails he does not identify an
2 atypical and significant hardship pursuant to *Wilkinson*; he does not show that he lacked minimal
3 procedural protections pursuant to *Bruce*; and he does not link the named defendants to his gang
4 validation pursuant to *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011,
5 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934.

Therefore, Plaintiff fails to state a cognizable claim against Defendants based upon Fourteenth Amendment Due Process / Gang Member Validation.

### D. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### E. Inmate Appeals Process

Plaintiff contends that Appeals Coordinator Sampson has deliberately sabotaged Plaintiff's appeals. Compl. at 18. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under

§ 1983. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### F. First Amendment Retaliation

Plaintiff contends that Appeals Coordinator Sampson retaliated against Plaintiff by failing to process appeals. Compl. at 22.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff alleges Appeals Coordinator Sampson retaliated against Plaintiff by failing to process his appeals, but Plaintiff does not allege that Sampson took any adverse action against him, other than failing to process his appeals, which is not cognizable under § 1983. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable retaliation claim for relief under § 1983.

### G. First Amendment Right of Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To bring a claim, a prisoner must have suffered an actual injury by being shut out of court. *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff fails to state a claim against any Defendants for First Amendment right to access the courts. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered an actual injury by being shut out of court.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

1  "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 23, 2012

UNITED STATES MAGISTRATE JUDGE