# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>        Plaintiff,<br><br>    vs.<br><br>T. STANKORB, et al.,<br><br>        Defendants. | 1:11cv01425 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>THIRTY-DAY DEADLINE |

Plaintiff Rex Chappell ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on August 25, 2011. Pursuant to the Court's order dismissing the complaint with leave to amend, Plaintiff filed a First Amended Complaint ("FAC") on June 25, 2012. Plaintiff names Correctional Counselor T. Stankorb, Captain T. Miner, Lt. Haak, Chief Deputy Warden S. Reed, Chief Deputy Warden K. Holland, Associate Warden M. Bryant, Warden M. Stainer, Captain P. Matzen, Appeals Coordinator K. Sampson, Doctor H. Tate and Correctional Officer A. Frazier as Defendants.

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events at issue occurred.

According to the FAC, Plaintiff arrived at CCI on February 17, 2011, with an indefinite term in the Secured Housing Unit ("SHU") after being wrongly validated as a member of the Black Guerrilla Family ("BGF") prison gang. He was taken to classification on March 1, 2011, where he explained that he was wrongly validated as a BGF member in retaliation for prior litigation. Defendants Stankorb, Holland and Miner told him that they saw nothing in his central file that warranted validation, but now that he has been validated, he either has to debrief or go to court. These Defendants involved in classification also read numerous doctor's reports explaining Plaintiff's seizure disorder and his placement on single cell status at prior prisons. Defendant Stankorb recommended single cell status based on the medical records, but Defendant Miner indicated that they lose money when there is only one person in a cell. Plaintiff remained on single cell status.

On May 9, 2011, Defendant Stankorb told Plaintiff that she would be taking him to classification on May 10, 2011, and that she and Defendant Miner decided to make Plaintiff double cell status. Defendant Stankorb told Plaintiff that the decision was based on a conversation with Defendant Tate, who indicated that a person having a seizure cannot attack anyone during the seizure. Plaintiff states that he never told anyone that he attacks anyone during a seizure, and he disagrees with Defendant Tate's opinion. Plaintiff wrote a complaint letter to the classification committee, as well as Defendant Stainer.

Plaintiff appeared before Defendants Stankorb, Holland and Haak for classification on May 10, 2011, before Defendants Stankorb, Holland and Matzen for classification on November 15, 2011, and before Defendants Matzen and Reed for classification on May 12, 2012. Each time, he told Defendants that he is not a BGF member. He also explained that if he is forced to

cell with a gang member in the SHU, he will be forced to produce his paperwork, and the "R" suffix (signifying a rape conviction) would make him a target for attack. Defendants told him not to show anyone his paperwork.

Plaintiff also told Defendants Reed, Holland, Matzen, Haak and Miner that Defendant Stankorb showed Plaintiff's commitment offense to Defendant Frazier, a female floor officer in Plaintiff's building. Defendant Frazier then told other inmates in Plaintiff's building that he was a child molester, which was not true. Defendants Stankorb, Holland, Reed, Matzen, Haak and Miner told Plaintiff that he would be celled with a BGF member and that if he had a problem, to tell an officer.

Plaintiff filed a complaint with Internal Affairs, but Defendant Bryant dismissed the complaint because Plaintiff would not give them an inmate witness's name. Plaintiff also alleges that he has filed numerous Inmate Appeals, but Defendant Sampson denied them for frivolous reasons. Plaintiff eventually wrote to Defendant Stainer about it, but he did not do anything.

Based on these facts, Plaintiff alleges the following:

1.   First Amendment retaliation and/or denial of access to the courts against Defendant Sampson;

2.   Deliberate indifference to a substantial risk of harm, in violation of the Eighth Amendment, (a) against Defendants Stainer, Holland, Reed, Stankorb, Miner, Bryant, Haak, Matzen and Frazier based on Plaintiff's classification as a BGF member; (b) against Defendants Frazier and Stankorb based telling other inmates that Plaintiff is a child molester; and (c) against Defendants Stankorb, Holland, Reed, Haak, Miner, Bryant, Matzen and Stainer based on placing Plaintiff in a double cell despite his seizures;

3.   Deliberate indifference to a serious medical need, in violation of the Eighth Amendment against Defendant Tate; and

       4.       Violation of equal protection and due process rights, in violation of the Fourteenth Amendment, against Defendants Stainer, Holland, Reed and Stankorb based on their failure to reevaluate Plaintiff's BGF affiliation.

**C.**     <u>**ANALYSIS**</u>

       1.       <u>First Amendment Retaliation</u>

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005); <u>accord</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012); <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff alleges that Defendant Sampson denied his appeals for frivolous reasons because Plaintiff questioned his reasons for rejection. FAC, 17. He explains that Defendant Sampson began "sitting" on Plaintiff's appeals, and when Plaintiff complained, Defendant Sampson gave frivolous reasons for rejecting them. He alleges that Defendant Sampson acted in retaliation for Plaintiff's attempts to exhaust his appeals.

In the prior screening order, the Court found that Plaintiff had not alleged any adverse action. His amendments to the claim, if any, do not cure this deficiency. The First Amendment

protects Plaintiff's right to file the grievance in the first instance, and does not require any particular outcome.  Plaintiff was able to file numerous grievances, and he therefore suffered no adverse action or chilling.   Plaintiff has been given an opportunity to correct this deficiency but has failed to do so.

        2.        First Amendment Access to Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), *cert. denied*, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff alleges that Defendant Sampson's intentional failure to properly address his appeals obstructed his access to the courts by prohibiting exhaustion.  However, as the Court explained in its April 23, 2012, screening order, Plaintiff has not alleged sufficient facts to indicate that he suffered an actual injury.  Although Defendant Sampson's actions may factor into an exhaustion analysis, Plaintiff was able to bring this action in the first instance.  He therefore fails to state a claim for which relief may be granted.  Plaintiff has already been given one opportunity to cure this deficiency and has failed to do so.

        3.        Eighth Amendment Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v.

Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

        a.    *Defendant Stainer*

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff attempts to allege liability against Defendant Stainer based on letters he wrote to Defendant Stainer.  However, simply sending a letter does not support a presumption of knowledge.  Pursuant to Iqbal, Plaintiff must affirmatively allege that Defendant Stainer received the letters and knew of the contents.  He therefore fails to state any claims against Defendant Stainer, and he will not be discussed further in this order.

   b. *Classification as a Gang Member*

Plaintiff alleges that Defendants Holland, Reed, Stankorb, Miner, Bryant, Haak, Matzen and Frazier were deliberately indifferent to Plaintiff's safety when they classified him as a BGF member and therefore required cell placement with another BGF member. He alleges that BGF members are required to produce their commitment offense upon being placed in a cell with another BGF member, and that his life would be in danger. Plaintiff contends that he informed Defendants of this risk. He also told that that if he refuses to show his cellmate his paperwork, he would be attacked.

Based on these allegations, Plaintiff has stated an Eighth Amendment claim against Defendants Holland, Reed, Stankorb, Miner, Bryant, Haak, Matzen and Frazier. Plaintiff will be instructed on service in a separate order.

   c. *Statements of Defendants Stankorb and Frazier to Other Inmates*

Plaintiff alleges that Defendants Stankorb and Frazier told inmates that he was child molester. Plaintiff contends that this is not his commitment offense, and that the false information spread throughout the facility and placed his life in danger.

This states an Eighth Amendment claim against Defendants Stankorb and Frazier. Plaintiff will be instructed on service in a separate order.

   d. *Double Cell Status*

Plaintiff next alleges that Defendants Stankorb, Holland, Reed, Haak, Miner, Bryant and Matzen were aware of his seizure disorder and his need for single cell status to protect both his and a potential cellmate's safety.

Defendants acted, however, based on information provided to them by Defendant Tate. Defendant Tate, a doctor, told Defendants that it is impossible for someone to attack a cellmate while having a seizure. The fact that Defendants acted based on this information negates a finding that they knew of, and disregard, a substantial risk of serious harm to Plaintiff.

Plaintiff therefore fails to state a claim against Defendants Stankorb, Holland, Reed, Haak, Miner, Bryant and Matzen based on their decision to give Plaintiff double cell status despite his alleged seizure disorder. Plaintiff has already been given one opportunity to cure this deficiency and has failed to do so.

### 4. Eighth Amendment Deliberate Indifference

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

In his FAC, Plaintiff alleges that Defendant Tate "interfere[d] with prescribed treatment" by determining, contrary to Plaintiff's other doctors, that his seizure disorder would not cause him to harm a cellmate. Compl. 21. In the Court's prior order, the Court explained that a difference of opinion over proper treatment does not constitute an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Plaintiff has again failed to allege anything other than a difference of opinion. Though Plaintiff also takes issue with Defendant Tate's

qualifications and the fact that Defendant Tate did not examine Plaintiff, it does not change the ultimate conclusion.  At the request of Defendants, Defendant Tate offered an opinion as to whether Plaintiff, while having a seizure, could harm another inmate.  Defendant Tate opined that Plaintiff could not cause harm in this situation.

Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendant Tate.  Plaintiff has already been given one opportunity to cure this deficiency and has failed to do so.

### 5. Due Process Violations

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  If a protected interest is identified, the inquiry then turns to what process is due.  Wilkinson, 545 U.S. at 224.

The assignment of validated gang members and associates to the Security Housing Unit (SHU) is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting

Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)).  As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review.  Bruce, 351 F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1995)).  In addition to these minimal protections, there must be "some evidence" supporting the decision.  Id. (citing Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)).  Although discussed in the context of a disciplinary hearing, the Ninth Circuit has stated that under the Hill standard, the evidence should have some indicia of reliability.  Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

Here, Plaintiff alleges that Defendants Holland, Reed and Stankorb violated his due process rights by failing to reevaluate his gang status.[1]  However, Plaintiff's exhibits, as well as his allegations, indicate that he received numerous reviews of his classification status.  Plaintiff was validated as a BGF member in March 2010.  After he was transferred to CCI, Plaintiff received reviews on March 1, 2011, May 10, 2011, November 15, 2011 and May 15, 2012.  Each review analysis demonstrates that Plaintiff received adequate notice and an opportunity to be heard.  Each analysis also sets forth more than "some evidence" with an "indicia of reliability" to support the decision.

Accordingly, Plaintiff's own allegations and exhibits undermine his due process claim.  Plaintiff has failed to state a due process claim based on the failure to Defendants Stankorb, Holland and Reed to reevaluate his BGF affiliation.  Plaintiff has already been given one opportunity to cure this deficiency and has failed to do so.

**D.    FINDINGS AND RECOMMENDATIONS**

The Court finds that Plaintiff's FAC states the following cognizable claims: (1) an Eighth Amendment conditions of confinement against Defendants Holland, Reed, Stankorb, Miner,

---

[1]   Plaintiff mentions an equal protection violation, though he has alleged no facts to support such a claim.

Bryant, Haak, Matzen and Frazier based on their classification and housing of Plaintiff as a member of the BGF; and (2) an Eighth Amendment conditions of confinement against Defendants Stankorb and Frazier based on their disclosure that Plaintiff was a child molester to other inmates.

It does not, however, state any further claims and these deficiencies cannot be cured. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  As explained above, Plaintiff will be instructed on service in a separate order.

Accordingly, it is HEREBY RECOMMENDED that the remaining claims and Defendants be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 25, 2013**                            /s/ *Dennis L. Beck*
                                                                   UNITED STATES MAGISTRATE JUDGE