1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| REX CHAPPELL,<br><br>        Plaintiff,<br><br>  vs.<br><br>T. STANKORB, et al.,<br><br>        Defendants. | )  1:11cv01425 LJO DLB PC<br>)<br>)  FINDINGS AND RECOMMENDATIONS<br>)  REGARDING DEFENDANTS' MOTION TO<br>)  REVOKE PLAINTIFF'S IN FORMA<br>)  PAUPERIS STATUS<br>)<br>)  (Document 31)<br>)<br>)  THIRTY-DAY DEADLINE<br>) |

Plaintiff Rex Chappell ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on August 25, 2011. He filed a First Amended Complaint on June 25, 2012. This action is proceeding on the following claims: (1) an Eighth Amendment conditions of confinement against Defendants Holland, Reed, Stankorb, Miner, Bryant, Haak, Matzen and Frazier based on their classification and housing of Plaintiff as a member of the BGF; and (2) an Eighth Amendment conditions of confinement against Defendants Stankorb and Frazier based on their disclosure that Plaintiff was a child molester to other inmates.

On October 25, 2013, Defendants filed the instant Motion to Revoke Plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g). Plaintiff filed an opposition on January 31, 2014. Defendants did not file a reply. The matter is deemed submitted pursuant to Local Rule 230(l).

**A.    LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011); Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). Pursuant to the PLRA, the in forma pauperis statute was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In seeking the revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). If Defendants meet their initial burden, Plaintiff must then demonstrate the dismissals should not count as strikes. Andrews, 398 F.3d at 1120.

**B.    DISCUSSION**

Defendants contend that Plaintiff, prior to filing this action, had at least four dismissals which count as strikes under section 1915(g). Defendants have submitted the relevant court records for each of the four cases.[1] Andrews, 493 F.3d at 1120.

Specifically, Defendants cite to the following cases: Chappell v. Gomez, et al., Case No. 3:94-cv-01520-FMS (N.D. Cal.); Chappell v. Rios, et al., Case No. 2:99-cv-00893-FCD-JFM

---

[1]   The Court may take judicial notice of court records in other cases, and Defendants' request for judicial notice of these records is therefore granted. United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

(E.D. Cal.); <u>Chappell v. Reed, et al</u>., Case No. 2:02-cv-01706-GEB-JFM (E.D. Cal.); and

<u>Chappell v. Neubarth, et al</u>., Case No. 1:06-cv-01378-OWW-SKO (E.D. Cal.).

In his opposition, Plaintiff concedes that after the order in <u>Chappell v. Fleming, et al.</u>,

Case No. 2:12-cv-0234-MCE-AC (E.D. Cal.), he has three strikes.  In <u>Fleming</u>, the Court issued

Findings and Recommendations on May 17, 2013, granting the defendants' motion to revoke in

forma pauperis status.  The court relied on <u>Gomez</u>, <u>Reed</u>, and <u>Neubarth</u>.  The Court adopted the

Findings and Recommendations on July 25, 2013.  Plaintiff paid the filing fee before the order

adopting issued.

Therefore, Plaintiff states that he does not oppose Defendants' motion to revoke his in

forma pauperis status.  Although Plaintiff contends that <u>Rios</u> is not a strike, he also correctly

notes that even without <u>Rios</u>, he has three strikes under section 1915(g). [2]

**C.     FINDINGS AND RECOMMENDATIONS**

Accordingly, based on the above, the Court recommends that:

1.      Defendants' Motion to Revoke Plaintiff's In Forma Pauperis be GRANTED;

2.      Plaintiff's in forma pauperis status be REVOKED;

3.      The Court's October 6, 2011, order granting Plaintiff's motion to proceed in

forma pauperis be VACATED;

4.      Plaintiff be REQUIRED to pay the $400.00 filing fee within thirty (30) days after

these Findings and Recommendations are adopted; and

5.      Defendants be REQUIRED to file a responsive pleading within fifteen (15) days

after electronic notification that Plaintiff has paid the filing fee.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

thirty (30) days after being served with these Findings and Recommendations, the parties may

---

[2] Plaintiff does not address Defendants' arguments related to whether he was in imminent danger of serious physical injury at the time the action was filed, and based on his opposition, it appears that he concedes this point.

file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies may be filed with fourteen (14) days of service of objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __February 14, 2014__                        _____ /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE