# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>        Plaintiff,<br><br>   vs.<br><br>T. STANKORB, et al.,<br><br>        Defendants. | 1:11cv01425 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS DISMISSAL OF ACTION<br><br>FIFTEEN-DAY DEADLINE |

    Plaintiff Rex Chappell ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on August 25, 2011. He filed a First Amended Complaint on June 25, 2012. This action is proceeding on the following claims: (1) an Eighth Amendment conditions of confinement against Defendants Holland, Reed, Stankorb, Miner, Bryant, Haak, Matzen and Frazier based on their classification and housing of Plaintiff as a member of the BGF; and (2) an Eighth Amendment conditions of confinement against Defendants Stankorb and Frazier based on their disclosure that Plaintiff was a child molester to other inmates.

    On April 1, 2014, the Court granted Defendants' motion to revoke Plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g). The Court ordered Plaintiff to pay the $400.00 filing

1

fee within thirty (30) days of the date of service of the order. Over thirty (30) days have passed and Plaintiff has not complied with the order or otherwise communicated with the Court.

## **DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since August 25, 2011.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order expressly stated: "Failure to pay the filing fee will result in dismissal of this action."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

The Court also notes that a civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis.  28 U.S.C. §§ 1914, 1915.  Based on Plaintiff's failure to comply with the Court's order, dismissal of this action is appropriate.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

**RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order of April 1, 2014.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 19, 2014**                                /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE